UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CRISTIN MORNEAU, et al.,

    Plaintiffs,

v.

PROTECTIVE LIFE INSURANCE COMPANY,

    Defendant.

Case No. 22-cv-05004-RS

**ORDER GRANTING MOTION TO TRANSFER**

## I. INTRODUCTION

Plaintiffs Cristin Morneau and Kelly Strange are siblings. In 1996, their mother, Carolyn Morneau, ("Ms. Morneau") purchased a $250,000 life insurance policy from a predecessor-in-interest to defendant Protective Life Insurance Company ("PLIC"). Ms. Morneau paid the annual policy premium of $382.50 for the next two decades. After those 20 years, however, the annual premium was scheduled to increase to $4,355.00, with further substantial increases each following year. Ms. Morneau did not pay the increased premium, and PLIC deemed the policy terminated in 2017.

In January of 2022, Ms. Morneau died. When plaintiffs thereafter inquired about the life insurance policy, PLIC advised them it had been cancelled for non-payment of the premiums nearly 5 years earlier. Plaintiffs subsequently filed this suit in San Francisco Superior Court, alleging that the policy is still in force as a matter of law, due to PLIC's alleged failure to comply with provisions of the California Insurance Code related to terminating policies for non-payment.

PLIC then removed the action to this court, thereby waiving any right to object that this is an *improper* venue for the suit. PLIC, however, retains its right to move for a venue transfer under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses," and "in the interest of justice," which it has done.

Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for December 1, 2022, is vacated. Because the relevant factors weigh in favor of the requested transfer, the motion will be granted.

## II.  BACKGROUND

In 1996, PLIC's predecessor issued a $250,000 life insurance policy to Ms. Morneau, for which she had applied in El Cajon, California, her residence at all relevant times. The policy was delivered to her there. All communications from PLIC or its predecessors to Ms. Morneau were addressed to her home address. El Cajon is in San Diego County, in the Southern District of California.

As long as the policy's premiums were paid, it could not be cancelled. The guaranteed maximum annual premium on the policy was $382.50 for the first 20 years, through January of 2017. According to the policy, "after the first 20 policy years, premiums shown may be changed in accordance with the change of premium section." In the 21st year, the annual premium would increase to $4,355, in the 22nd year it would increase to $4,815, in the 23rd year it would increase to $5,282, and so on.

In January of 2017, PLIC sent a first notice of premium due to Ms. Morneau in El Cajon, stating that her current annual premium of $4,355.003 was due on February 1, 2017, to prevent policy lapse as of March 4, 2017. When it did not receive the premium, PLIC sent a second notice in February.

On March 13, 2017, PLIC wrote Ms. Morneau again, stating that her annual premium had not been received, resulting in expiration of the policy, but that it could be reinstated—without evidence of insurability—if the premium were received by April 4, 2017. PLIC did not receive

1  payment thereafter, leading to its contention that the policy terminated in April of 2017. PLIC did

2  not hear from Ms. Morneau again.

3      Nearly five years later, on January 22, 2022, Ms. Morneau died under the care of a

4  physician in San Diego County, at a nursing and rehabilitation center in La Jolla. Three days later,

5  plaintiffs inquired about the status of the policy, which was the first time PLIC had received any

6  communication about it since deeming it terminated in 2017.

7      Plaintiff Kelly Strange resides in Orange County and Plaintiff Cristin Morneau resides in

8  Louisiana. PLIC is a Tennessee corporation, with its principal place of business in Alabama.

## III. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Pursuant to that section, a court should consider: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interest of justice. *Id.* As the Ninth Circuit explained in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir.2000), additional factors that a court may consider include:

> (1) where the relevant agreements were negotiated and executed, (2) which state is most familiar with governing law, (3) the plaintiff's choice of forum, (4) the parties' contacts with each forum, (5) the parties' contacts with each forum that are related to the cause of action, (6) the relative costs of litigating in each forum, (7) the availability of compulsory process in each forum, and (8) access to evidence in each forum.

*Id.* at 498–99.

Consistent with the above, courts in this district have articulated additional factors such as feasibility of consolidation with other claims, local interest in the controversy, and relative court congestion. *See Vu v. Ortho-McNeil Pharmaceutical, Inc.*, 602 F.Supp.2d 1151, 1156 (N.D. Cal. 2009). "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Park v. Dole Fresh Vegetables, Inc.*, 964 F.Supp.2d

1088, 1093 (N.D. Cal.2013) (citations omitted); *see also, Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) ("Weighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge.").

## IV. DISCUSSION

Motions to transfer "for convenience" rarely present as compelling of circumstances as they did in an earlier time. The ease and speed of travel, electronic communications, and the increasing use of "virtual" depositions and court appearances mean that it will not usually present a significant hardship to litigate in one forum as opposed to another—particularly where, as in this case, the two forums are both located in the same state and same time zone. That, however, is a double-edged sword, because even though it makes it more challenging for the party seeking transfer to show it is warranted, it is also more difficult for the opposing party to show a transfer would cause it undue burden or prejudice.

In many instances, therefore, the deference due to the plaintiff's choice of forum—which has always been an important consideration—will be dispositive. Where none of the parties reside in the forum, and the subject matter of the litigation is not otherwise connected to the forum, however, plaintiff's choice of forum is entitled to little, if any, deference. *See, Fabus Corp. v. Asiana Exp. Corp.*, No. C-00-3172 PJH, 2001 WL 253185, at * 1 (N.D. Cal. Mar. 5, 2001) ("The degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff's venue choice is not its residence . . . ."); *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir.1987) ("If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration.").

Here, as noted, neither plaintiff resides in the district, nor does defendant. Plaintiffs argue, however, that the action is connected to this district and/or that potential witnesses or parties that might be added later may be found here—or in the Eastern District, which is marginally closer to this district than is the Southern District. Plaintiffs' lengthy complaint includes allegations that PLIC participated in a broad-ranging "scheme" in attempt to avoid being required to comply with

United States District Court
Northern District of California

1  California Ins. Code Sections 10113.71 and 10113.72, which went into effect in 2013 and imposes

2  certain procedural protections for policy holders and their beneficiaries against policy cancellation

3  for non-payment of premiums. Plaintiffs assert PLIC acted in concert with unnamed "other

4  insurers, other licensed insurance entities, including licensed insurance administrators, and

5  industry trade unions, lobbyists, and attorneys" to that end, and attempted to influence the

6  California Department of Insurance to support that goal.

7  Now that the California Supreme Court has ruled that Sections 10113.71 and 10113.72

8  apply to policies in force as of its effective date,[1] it is unclear whether plaintiffs' allegations

9  regarding the "scheme" remain relevant at all. In any event, however, the claims for relief

10  plaintiffs plead do not turn on the existence or non-existence of any such scheme. Moreover,

11  plaintiffs' murky suggestions that there may be third party witnesses and/or parties to be named

12  later in connection with those allegations falls short of establishing that there are witnesses (or

13  parties) in the Northern District whose convenience warrants denying transfer. *See also Pitt v.*

14  *Metropolitan Tower Life Ins. Co.*, No. 18-cv-06609-YGR, 2020 WL 1557429, at *9 (N.D. Cal.

15  Apr. 1, 2020) (dismissing for improper venue complaint brought in this district by the same

16  plaintiffs' counsel, which contained similar "scheme" allegations and similar claims against a

17  different insurer.) As all other relevant factors are neutral or favor transfer,[2] the clear locus of the

18  operative events in this action in the Southern District, and the dearth of any genuine connection to

19  this district, warrant transfer.

---

[1] *See McHugh v. Protective Life Ins. Co.,* 12 Cal. 5th 213 (2021).

[2] Relative docket congestion statistics appear to favor transfer.

## V. CONCLUSION

The motion to transfer venue is granted.

**IT IS SO ORDERED**.

Dated: November 23, 2022

_____
RICHARD SEEBORG
Chief United States District Judge